# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

CHRISTOPHER LOWE,              )
                              )
            Plaintiff,        )
                              )
v.                            )              CV423-348
                              )
OFFICER O, *et al.,*          )
                              )
            Defendants.       )

## REPORT AND RECOMMENDATION

*Pro se* plaintiff Christopher Lowe filed this case complaining that she[1] was subjected to unconstitutional conditions of confinement.  *See* doc. 1 at 5-7.  She has failed to comply with the District Judge's Order concerning assignment of this case to a United States Magistrate Judge.  *See* doc. 3.  The Clerk notified her of that failure, and she has not corrected it within the deadline set by the Clerk.  *See* doc. 11.  All of the recent correspondence sent by the Clerk has been returned by the United States Post Office as undeliverable.[2]  *See* docs. 13, 14 & 15.  It, therefore,

---

[1]  Although Plaintiff does not specify preferred pronouns, her Complaint states that she is "a transgender woman." Doc. 1 at 5.  She also lists a feminine honorific in the caption of her Complaint.  *See id.* at 1 (identifying Plaintiff as "Ms. Christopher Lowe").  The Court, therefore, presumes that she prefers feminine pronouns.

[2]  It appears that there was an attempt to forward the most recent correspondence from Coastal State Prison to Baldwin State Prison.  *See* doc. 15 at 1-2.  Plaintiff's

1

appears that Lowe has failed to keep the Court apprised of her current address, in violation of the Local Rules. *See* S.D. Ga. L. Civ. R. 11.1.

This Court has the authority to prune cases from its docket where parties have failed to comply with its Orders. *See* S.D. Ga. L.R. 41.1(b); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962) (courts have the inherent authority to dismiss claims for lack of prosecution); *Mingo v. Sugar Cane Growers Co-op*, 864 F.2d 101, 102 (11th Cir. 1989) ("The district court possesses the inherent power to police its docket."); *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983); *Floyd v. United States*, CV491-277 (S.D. Ga. June 10, 1992). Lowe's failure to comply with the Court's Order and the Local Rules, and failure to prosecute this case, provide sufficient reasons to dismiss her Complaint.

Accordingly, Lowe's Complaint should be **DISMISSED**. *See, e.g.,* Fed. R. Civ. P. 41(b). This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court

---

Complaint provided an address at Coastal State Prison, *see* doc. 1 at 9, and no change of address has been filed, *see generally* docket.

and serve a copy on all parties.  The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."  Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge.  The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to timely file objections will result in the waiver of rights on appeal.  11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this 12th day of February, 2024.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

3